1
2
3
4
5
6

CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com
        Attorneys for Plaintiff

7

8       UNITED STATES DISTRICT COURT
9       CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| **Francisco Duarte**, | **Case No.** 8:19-cv-02415-DOC-DFM |
| Plaintiff, | |
| v. | **First Amended Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **Leonard R. Morris,** in individual and representative capacity as trustee of The R & L Morris Family Trust dated December 7, 2017; **Ronda M. Morris,** in individual and representative capacity as trustee of The R & L Morris Family Trust dated December 7, 2017; **Roy Castellano;** and Does 1-10, | |
| Defendants. | |

11
12
13
14
15
16
17
18
19
20

21      Plaintiff Francisco Duarte complains of Leonard R. Morris, in individual
22   and representative capacity as trustee of The R & L Morris Family Trust dated
23   December 7, 2017; Ronda M. Morris, in individual and representative
24   capacity as trustee of The R & L Morris Family Trust dated December 7, 2017;
25   Roy Castellano; and Does 1-10 ("Defendants"), and alleges as follows:

26

27   **PARTIES:**

28   1.  Plaintiff is a California resident with physical disabilities. He is a

1

1 paraplegic who cannot walk and who uses a wheelchair.

2    2.   Defendants Leonard R. Morris and Ronda M. Morris, in individual and
3 representative capacity as trustee of The R & L Morris Family Trust dated
4 December 7, 2017, owned the real property located at or about 539 W.
5 Valencia Drive, Fullerton, California, in October 2019.

6    3.   Defendants Leonard R. Morris and Ronda M. Morris, in individual and
7 representative capacity as trustee of The R & L Morris Family Trust dated
8 December 7, 2017, own the real property located at or about 539 W. Valencia
9 Drive, Fullerton, California, currently.

10    4.   Defendant Roy Castellano was the CEO of Commercial Tire Shop, Inc.,
11 a California Corporation (a corporation that is currently suspended), which
12 owned Commercial Tire located at or about 539 W. Valencia Drive, Fullerton,
13 California, in October 2019.

14    5.   Defendant Roy Castellano is the CEO of Commercial Tire Shop, Inc., a
15 California Corporation (a corporation that is currently suspended), which
16 owns Commercial Tire located at or about 539 W. Valencia Drive, Fullerton,
17 California, currently.

18    6.   Plaintiff does not know the true names of Defendants, their business
19 capacities, their ownership connection to the property and business, or their
20 relative responsibilities in causing the access violations herein complained of,
21 and alleges a joint venture and common enterprise by all such Defendants.
22 Plaintiff is informed and believes that each of the Defendants herein,
23 including Does 1 through 10, inclusive, is responsible in some capacity for the
24 events herein alleged, or is a necessary party for obtaining appropriate relief.
25 Plaintiff will seek leave to amend when the true names, capacities,
26 connections, and responsibilities of the Defendants and Does 1 through 10,
27 inclusive, are ascertained.

28

First Amended Complaint                              8:19-cv-02415-DOC-DFM

1  **JURISDICTION & VENUE:**

2    7.   The Court has subject matter jurisdiction over the action pursuant to 28

3  U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

4  Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5    8.   Pursuant to supplemental jurisdiction, an attendant and related cause

6  of action, arising from the same nucleus of operative facts and arising out of

7  the same transactions, is also brought under California's Unruh Civil Rights

8  Act, which act expressly incorporates the Americans with Disabilities Act.

9    9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

10  founded on the fact that the real property which is the subject of this action is

11  located in this district and that Plaintiff's cause of action arose in this district.

12

13  **FACTUAL ALLEGATIONS:**

14    10. Plaintiff went to Commercial Tire on or about October 2, 2019 and

15  obtained a tire rotation and check of his brakes.

16    11. The Commercial Tire is a facility open to the public, a place of public

17  accommodation, and a business establishment.

18    12. While the plaintiff was waiting for his van to be finished with its services,

19  the plaintiff needed to use the restroom. There was a public restroom that the

20  plaintiff watched customers using but when the plaintiff went to use it, he

21  found that he could not get to the restroom because the path of travel was

22  blocked by a stack of tires.

23    13. The plaintiff was physically unable to move the tires and instead of

24  trying to find an employee to move the tires, the plaintiff went to a neighboring

25  business that was some distance away to use their restroom.

26    14. On information and belief, the defendants have a practice of placing

27  items on the path of travel leading to the restroom and, therefore, blocking and

28  restricting the path of travel such that wheelchair users are denied ready access

First Amended Complaint                    8:19-cv-02415-DOC-DFM

1 | to the restroom.

2 |     15. The plaintiff took the following photo on the day that he was at the

3 | business and obtaining his services:



First Amended Complaint                                     8:19-cv-02415-DOC-DFM

1   16. Plaintiff alleges that the defendants failed and continue to fail to provide

2   accessible restroom facilities. One of the specific barriers that plaintiff is

3   personally aware of is the lack of an accessible path of travel to the restroom.

4   Plaintiff believes that there are likely other violations within the restroom and

5   seeks to have the restroom facilities fully compliant with the ADA Access

6   Standards and readily useable by persons in wheelchairs like himself.

7   17. By failing to provide accessible facilities, the defendants denied the

8   plaintiff full and equal access.

9   18. The failure to provide accessible facilities created difficulty and

10   discomfort for the Plaintiff.

11   19. The defendants have failed to maintain in working and useable

12   conditions those features required to provide ready access to persons with

13   disabilities.

14   20. The barriers identified above are easily removed without much

15   difficulty or expense. They are the types of barriers identified by the

16   Department of Justice as presumably readily achievable to remove and, in fact,

17   these barriers are readily achievable to remove.

18   21. Plaintiff will return to Commercial Tire to avail himself of its goods and

19   to determine compliance with the disability access laws once it is represented

20   to him that Commercial Tire and its facilities are accessible. Plaintiff is

21   currently deterred from doing so because of his knowledge of the existing

22   barriers and his uncertainty about the existence of yet other barriers on the

23   site. If the barriers are not removed, the plaintiff will face unlawful and

24   discriminatory barriers again.

25   22. Given the obvious and blatant nature of the barriers and violations

26   alleged herein, the plaintiff alleges, on information and belief, that there are

27   other violations and barriers on the site that relate to his disability. Plaintiff will

28   amend the complaint, to provide proper notice regarding the scope of this

5

1  lawsuit, once he conducts a site inspection. However, please be on notice that

2  the plaintiff seeks to have all barriers related to his disability remedied. See

3  Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff

4  encounters one barrier at a site, he can sue to have all barriers that relate to his

5  disability removed regardless of whether he personally encountered them).

6

7  **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

8  **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

9  Defendants.) (42 U.S.C. section 12101, et seq.)

10     23. Plaintiff re-pleads and incorporates by reference, as if fully set forth

11  again herein, the allegations contained in all prior paragraphs of this

12  complaint.

13     24. Under the ADA, it is an act of discrimination to fail to ensure that the

14  privileges, advantages, accommodations, facilities, goods and services of any

15  place of public accommodation is offered on a full and equal basis by anyone

16  who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

17  § 12182(a). Discrimination is defined, inter alia, as follows:

18          a. A failure to make reasonable modifications in policies, practices,

19             or procedures, when such modifications are necessary to afford

20             goods, services, facilities, privileges, advantages, or

21             accommodations to individuals with disabilities, unless the

22             accommodation would work a fundamental alteration of those

23             services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

24          b. A failure to remove architectural barriers where such removal is

25             readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

26             defined by reference to the ADA Standards.

27          c. A failure to make alterations in such a manner that, to the

28             maximum extent feasible, the altered portions of the facility are

First Amended Complaint                         8:19-cv-02415-DOC-DFM

1               readily accessible to and usable by individuals with disabilities,

2               including individuals who use wheelchairs or to ensure that, to the

3               maximum extent feasible, the path of travel to the altered area and

4               the bathrooms, telephones, and drinking fountains serving the

5               altered area, are readily accessible to and usable by individuals

6               with disabilities. 42 U.S.C. § 12183(a)(2).

7     25. When a business provides restroom facilities, it must provide accessible

8 restroom facilities on a full and equal basis to persons with disabilities. Here,

9 accessible restroom facilities are not provided.

10     26. The Safe Harbor provisions of the 2010 Standards are not applicable

11 here because the conditions challenged in this lawsuit do not comply with the

12 1991 Standards.

13     27. A public accommodation must maintain in operable working condition

14 those features of its facilities and equipment that are required to be readily

15 accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

16     28. Here, the failure to ensure that the accessible facilities were available

17 and ready to be used by the plaintiff is a violation of the law.

18

19 **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

20 **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

21 Code § 51-53.)

22     29. Plaintiff repleads and incorporates by reference, as if fully set forth

23 again herein, the allegations contained in all prior paragraphs of this

24 complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

25 that persons with disabilities are entitled to full and equal accommodations,

26 advantages, facilities, privileges, or services in all business establishment of

27 every kind whatsoever within the jurisdiction of the State of California. Cal.

28 Civ. Code §51(b).

First Amended Complaint                              8:19-cv-02415-DOC-DFM

1    30. The Unruh Act provides that a violation of the ADA is a violation of the

2    Unruh Act.  Cal. Civ. Code, § 51(f).

3    31. Defendants' acts and omissions, as herein alleged, have violated the

4    Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

5    rights to full and equal use of the accommodations, advantages, facilities,

6    privileges, or services offered.

7    32. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

8    discomfort or embarrassment for the plaintiff, the defendants are also each

9    responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

10   (c).)

11

12       **PRAYER:**

13       Wherefore, Plaintiff prays that this Court award damages and provide

14   relief as follows:

15   1. For injunctive relief, compelling Defendants to comply with the

16   Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

17   plaintiff is not invoking section 55 of the California Civil Code and is not

18   seeking injunctive relief under the Disabled Persons Act at all.

19   2. Damages under the Unruh Civil Rights Act, which provides for actual

20   damages and a statutory minimum of $4,000 for each offense.

21   3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

22   to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

23

     Dated: February 28, 2020          CENTER FOR DISABILITY ACCESS
24

25
                                        By:    /s/ Russell Handy          .
26                                             Russell Handy, Esq.

27                                             Attorney for plaintiff

28


                                        8